FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 24  PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CECILE A. LENNIX | CIVIL ACTION |
| VERSUS | NO:      04-1637 |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "A" (4) |

## REPORT AND RECOMMENDATION

### I. Introduction

This action seeks judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g). The Commissioner denied Cecile A. Lennix's application for Supplemental Social Security Income Benefits filed pursuant to Title XVI of the Social Security Act. (Title 42 U.S.C. § 1382 et. seq.).

The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 United States Code § 636(b)** and Local Rule 19.02E(b) for the submission of Proposed Findings and Recommendations.

### II. Factual and Procedural Summary

The claimant, Cecile A. Lennix ("Lennix"), is a fifty-year-old high school graduate who

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No.____

previously worked as an assistant operator monitoring equipment, loading trucks by connecting hoses, and taking water samples. (Tr. 374) On March 21, 2001, Lennix filed an application for Title XVI Supplemental Security Income ("SSI") benefits, alleging that she has been disabled since March 22, 1997, due to mental health problems, breathing problems, reactions to smells, and diabetes. (Tr. 20, 49, 54) Lennix's initial and reconsideration requests were denied, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 10-11)

The ALJ issued a decision dated July 18, 2002, concluding that Lennix was "under a disability since March 22, 1997 as defined in the Social Security Act." (Finding 11, Tr.18) However, he further concluded that Lennix's impairments singly, or in combination, did not meet the criteria in the Listing Level of Impairments of Appendix 1, Subpart P, Regulations No. 4.(Finding 3, Tr. 17).

The ALJ found that while Lennix was credible, she retained the residual functional capacity to occasionally lift and carry 10 pounds, climb, stoop, understand, remember and carry out short and simple instructions. (Finding 4, Tr. 17). The ALJ further found that she could have occasional contact with supervisors, coworkers, and the public. (Finding 5, Tr.17)

The ALJ also found that she could sit, stand, and walk a total of four hours of an eight-hour workday. (Finding 5, Tr. 17) He further found that she was not able to do sustained work activities in an ordinary work setting on a regular basis. (Finding 5, Tr. 17) Consequently, the ALJ concluded that there were no jobs existing in significant numbers which Lennix could perform. (Finding 9, Tr. 18) Therefore, she was found to be disabled since March 22, 1997. (Finding 11, Tr. 18)

Although Lennix prevailed at the administrative level, she sought review of the July 2002 decision contending that the ALJ erred in two respects:

1. The ALJ should have awarded her back benefits from October 1995 through February 2000.

2. The transcript constitutes a coerced confession and some of the answers to the questions as reflected on the transcript were not correct.

### III.   Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly that offered by treating physicians. *Kent v. Schweiker*,

710 F.2d 110, 114 (3d Cir. 1983).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [her] age, education, and work history." *Hendricks v. Apfel*, No. 99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

IV.   <u>Analysis</u>

    A.   <u>Back Pay from October 1995 through February 2000</u>

Lennix contends that the ALJ ruling should be reversed because, in her opinion, while he found that she was disabled since March 21, 1997, he did not find that she was entitled to back benefits. According to Lennix, the ALJ's finding should have included an award of back pay from October 1995 through February 2000.

The Commissioner contends that Lennix is not entitled to back benefits from October 1995 through February 2000 because her application for disability benefits was filed more than twelve months after the end of an earlier disability period. Second, the Commissioner contends that even though she was found to be disabled, under 20 C.F.R. 404.621 she is limited to receiving benefits for up to twelve months before she filed the subject application.

Title 20 C.F.R. 404.621(a) provides that if an application for disability benefits is filed, and the person is entitled to receive disability benefits, the clamant may receive benefits for up to 12 months immediately before the month in which the application is filed.

In the instant matter, the ALJ found that Lennix was entitled to receive disability benefits since March 22, 1997. According to the record, she filed her application on March 21, 2001 such

that she could, according to the regulations, receive benefits from March 2000. One month after the ALJ issued his decision, the administration realized that it could not award benefits from March 1997 because the regulations restricted the award period. The administration notified Lennix by letter dated August 5, 2002, that it could not pay her any benefits prior to March 2000. (Tr. 366). The ALJ properly did not award benefits from 1995 as Lennix seeks as evidenced by the limitations set forth in the statute. Therefore, his opinion is based upon substantial evidence as Lennix is not entitled to receive benefits prior to March 2000.[1]

### B.     Prejudice by ALJ

Lennix also complains that the transcript of the administrative proceeding constitutes a coerced confession, and contains incorrect answers to some of her questions, such as the omission of her daughter's name, whom Lennix allegedly identified as a witness. The Commissioner contends that Lennix was not prejudiced to the extent some of the answers in the transcript were wrong as she prevailed at the administrative level. The Commissioner further contends that even if Lennix intended to list her daughter as a witness, which is not reflected by the record, she was not affected by the failure to do so.

The essence of Lennix's contention is that the ALJ failed to fully and fairly develop the record. In order to prevail on her claim that the transcript of the administrative proceeding contains errors and the record is not complete, Lennix must establish that the evidence, if established, would have altered the result. *Carey v. Apfel,* 230 F. 3d 131, 142 (5th Cir. 2000). Even if the

---

[1] Having determined that 20 CF.R. 404.621 bars her from receiving back benefits earlier than March 2000, the Court does not reach the other question. Also the Court notes that the ALJ's award since March 1997 was in error because it is contravened by the regulations, however, any error was remedied because the administration caught the error less than one month after the ruling.

administrative record contains errors as alleged by Lennix, she prevailed administratively such that she cannot establish that she was prejudiced by these errors. Consequently, Lennix's contention fails and the administrative finding is based upon substantial evidence.

## V.  Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision awarding benefits be modified such that benefits began on March 2000, and therefore that the ALJ's decision awarding Lennix benefits be **AFFIRMED AS MODIFIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of August 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE